UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER M. SUDLIK,

    Defendant.

Case No. 13-CR-170

USDC EDWI
FILED IN GREEN BAY DIV
SEP - 3 2013
AT_____ O'CLOCK ___M
JON W. SANFILIPPO

---

## PLEA AGREEMENT

---

1.     The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Christopher M. Sudlik, individually and by attorney Joshua Lowther, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in a single-count information, which alleges a violation of Title 18, United States Code, Section 1030(a)(5)(A).

3.     The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

1

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

On or about March 1, 2011, in the State and Eastern District of Wisconsin,

**CHRISTOPHER M. SUDLIK**

knowingly caused the transmission of a "dedicated denial of service attack" computer program, and by doing so, intentionally and without authorization caused damage to a protected computer, used in and affecting interstate commerce.

All in violation of Title 18, United States Code, Sections 1030(a)(5)(A).

## FORFEITURE

Upon conviction of a computer fraud offense in violation of Title 18, United States Code, Section 1030, set forth in Count 1 of this Information

**CHRISTOPHER SUDLIK**

shall forfeit to the United States of America:

    a. pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and

    b. pursuant to Title 18, United States Code, Section 1030(i), any personal property that was used or intended to be used to commit or to facilitate the commission of such offense. The property to be forfeited includes, but is not limited to:

        1. One home built computer seized from the defendant's residence and currently in the possession of the FBI; one Maxtor external hard drive serial number 2HA21SRM; one Western Digital external hard drive serial number WMAVU1039754; and

2

Case 1:13-cr-00170-WCG   Filed 09/03/13   Page 2 of 16   Document 2

2. A sum of money equal to the proceeds derived from or obtained as a result of such offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1030(i).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b) and 1030(i), and Title 21, United States Code, Section 853.

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On February 27, 2011, Koch Industries reported a dedicated denial of services (DDOS) attack directed at their website, community.quiltednorthern.com. On February 28, 2011, Koch Industries reported an attack against their corporate website, www.kochind.com. And, finally, on March 1, 2011, an attack was staged against their www.angelsoft.com website. All three attacks were attributable to the "hacktivists" known collectively as "Anonymous." Koch Industries was able to identify the internet protocol (IP) addresses of those involved in the DDOS attacks against their corporate websites. The Eastern District of Wisconsin has

3

jurisdiction over the offense, as the Quilted Northern and Angel Soft website servers are located in Green Bay, Wisconsin, and these servers are used in and affect interstate commerce.

The FBI traced the provided IP addresses to a number of residences in several jurisdictions nationwide. Firewall records listed an IP address which was logged trying to access the Angel Soft website 24,022 times on March 1, 2011, from approximately 7:26 p.m. until 7:54 p.m. The FBI determined that particular IP address to be located in the apartment of Christopher Sudlik. Sudlik's home-built computer was seized and examined. The forensic examination revealed two archived files related to a "low orbit ion cannon" (LOIC) tool. LOIC performs a DDOS attack on a target website by flooding the server with traffic with the intention of disrupting the service of a particular host. One LOIC was downloaded on March 1, 2011, at 1:54 a.m., and the other at 7:10 p.m. on that same date. Further analysis identified "internet relay chat" (IRC) logs for the "#opwisconsin" channel for February 28, 2011 through March 4, 2011, in which the alias "The_Hatchet" was involved in the coordination and execution of the DDOS attack on the Angel Soft website. Additionally, IRC logs of "#opwisconsin" provided by Koch Industries revealed further chat conversations involving "The_Hatchet" and the organization of the DDOS attack.

Following the execution of a search warrant at Sudlik's residence on July 19, 2011, Normandy, MO, he was interviewed by agents. He admitted to downloading, configuring, and executing the LOIC software. Sudlik acknowledged that LOIC was a DDOS attack tool, and further acknowledged that he often uses "The_Hatchet" or some variation of that name for his online activities. Sudlik stated that he intentionally participated in the DDOS attack, but only for "five seconds." He then stated that he received an error message which he thought caused the

4

LOIC to disengage. He claims that he left the LOIC software on his computer for approximately one day prior to deleting it.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: count one, one year incarceration and $100,000. Count one also carries a mandatory special assessment of $25, and a maximum of one year of supervised release. The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraph 26 of this agreement.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of Intentionally Damaging a Computer by Knowing Transmission as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

<u>First</u>, the defendant knowingly caused the transmission of a program; and

<u>Second</u>, by doing so, the defendant intentionally caused damage to a protected computer without authorization.

## SENTENCING PROVISIONS

5

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

13. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any

6

Case 1:13-cr-00170-WCG   Filed 09/03/13   Page 6 of 16   Document 2

right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 6 under Sentencing Guidelines Manual §2B1.1(a)(2).

## Specific Offense Characteristics

16. The parties agree to recommend to the sentencing court that a four level increase pursuant to Sentencing Guidelines Manual §2B1.1(b)(17)(A)(ii) and a ten level increase pursuant to Sentencing Guidelines Manual §2B1.1(b)(1)(F) are applicable to the offense level for the offense charged in count one.

7

## Acceptance of Responsibility

17.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of him intention to enter a plea of guilty.

18.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility.

## Sentencing Recommendations

19.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20.     Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

21.     The government agrees to recommend 24 months of probation with any amount of incarceration pursuant to 18 U.S.C. §3563(10) left to the court's discretion. As conditions of

8

probation, the government will recommend the following: 1) the defendant refrain from associating either "on-line" or in person with any known members of "Anonymous" or any similar activist group known to be involved in denial of service or other cyber-attacks; 2) the defendant shall maintain employment; 3) the defendant shall make efforts to pay restitution as described in paragraph 26.

## Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

9

25.     The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

## Special Assessment

26.     The defendant agrees to pay the special assessment in the amount of $25 prior to or at the time of sentencing.

## Restitution

27.     The defendant agrees to pay restitution in the amount as ordered by the court. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. The government has been informed by the victim that it will be requesting $183,195 in restitution.

## Forfeiture

28.     The defendant agrees to the immediate entry of a preliminary order of forfeiture as to the following: 1) one home built computer seized from his residence and currently in the possession of the FBI; 2) one Maxtor external hard drive serial number 2HA21SRM; 3) Western Digital external hard drive serial number WMAVU1039754. The defendant agrees that he has

an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## Cash Bond

29. The defendant acknowledges, understands, and agrees that any money belonging to him and deposited by him or on his behalf as a condition of bond in this case will be applied, on the government's motion, toward any and all financial obligations imposed by the sentencing court.

## DEFENDANT'S WAIVER OF RIGHTS

30. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to

11

obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

31.  The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

32.  The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

33.  Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2)

12

the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

### Further Civil or Administrative Action

34. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

35. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

37. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

38. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed.

The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

### Further Action by Internal Revenue Service

39. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the information.

40. The defendant agrees to transmit his original records, or copies thereof, to the Examination Division of the Internal Revenue Service so that the Examination Division of the Internal Revenue Service can complete its civil audit of the defendant. The defendant agrees to provide any additional books and records of his which may be helpful to the Examination Division of the Internal Revenue Service to complete its civil audit of defendant.

### EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

41. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed

against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

42. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: Aug/30/2013

CHRISTOPHER M. SUDLIK
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 8.30.2013

JOSHUA LOWTHER
Attorney for Defendant

For the United States of America:

Date: 9/3/13

JAMES L. SANTELLE
United States Attorney

Date: 9/3/13

DANIEL R. HUMBLE
Assistant United States Attorney

16